# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAWN D. MAYNOR,
         Appellant,

     v.

DEPARTMENT OF THE TREASURY,
         Agency.

DOCKET NUMBER
PH-0752-14-0904-I-1

DATE: August 11, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dawn D. Maynor</u>, Darby, Pennsylvania, pro se.

<u>Ariya McGrew</u>, Esquire, and <u>Heather A. Southwell</u>, New York, New York,
   for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant formerly was employed by the agency as a Tax Examining Technician until the agency removed her effective November 3, 2012. Initial Appeal File (IAF), Tab 11 at 56. Following her removal from service, on February 12, 2013, the appellant filed a formal complaint of discrimination with the agency alleging, inter alia, that her removal was due to disability discrimination and retaliation for her prior equal employment opportunity (EEO) activity. IAF, Tab 12 at 15-16. On February 7, 2014, the agency issued a final agency decision (FAD) finding no merit to the appellant's claims. IAF, Tab 9 at 11-28. The FAD was mailed to the appellant at two separate addresses and included a notice concerning her right to file a Board appeal within 30 days of receipt. *Id.* at 16‑17.

¶3      The appellant did not file her Board appeal until September 2014. IAF, Tab 1. Consequently, the administrative judge issued a timeliness order informing the appellant that her appeal appeared to be untimely filed and directing her to file evidence and argument to prove either that her appeal was timely filed or that good cause existed for her untimely filing. IAF, Tab 3. In

response, the appellant asserted that, although she had notified the agency of a change in address, the agency mailed the FAD to a previous address, and she did not receive the FAD until August 12, 2014, after she contacted the agency regarding the status of her complaint and the agency emailed her a copy. IAF, Tab 8 at 1. She attached a copy of an August 12, 2014 email in which the agency sent her a copy of the FAD. *Id.* at 2.

¶4    The agency moved to dismiss the appeal as untimely arguing that the appellant's bare assertion that it mailed the FAD to the incorrect address, without more, was insufficient to meet her burden, noting that she failed to identify what her correct address was or when she allegedly informed the agency of her address change. IAF, Tab 9 at 7. The agency further argued that, following its issuance of the FAD, the appellant continued to receive other correspondence from the agency at one of the addresses listed in the certificate of service for the FAD. *Id.* at 8.

¶5    The administrative judge dismissed the appeal as untimely filed without good cause for delay. IAF, Tab 22, Initial Decision (ID). The administrative judge found that the appellant provided no evidence in support of her bare, unsworn assertion that one or both of the addresses to which the agency mailed the FAD were invalid, or that she had previously notified the agency of her change of address. ID at 3. The administrative judge further found that the appellant had received two other FADs relating to her other complaints at one of the addresses listed in the certificate of service for the February 7, 2014 FAD, which she appealed to the Equal Employment Opportunity Commission (EEOC) in July 2014.[2] ID at 3. Finally, the administrative judge found that, even assuming the appellant did not receive the FAD mailed on February 7, 2014, she was aware of its existence as of July 31, 2014, when she appealed another FAD

---

[2] These two FADs inadvertently misspelled the appellant's address by omitting the final letter of the street name. IAF, Tab 9 at 43, 55. The February 7, 2014 FAD at issue here, however, properly spelled the street name. *Id.* at 16, 56, 58.

that referenced the February 7, 2014 FAD, and she failed to offer any explanation to establish she subsequently exercised due diligence in filing her Board appeal. ID at 4.

¶6     The appellant has filed a petition for review[3] in which she generally asserts that her appeal was timely filed under 5 C.F.R. § 1201.154(b).[4]   Petition for Review (PFR) File, Tab 11 at 2-3.   The agency has opposed the appellant's petition.  PFR File, Tab 17.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     An employee who files a timely formal complaint of discrimination with her employing agency regarding a matter that is within the Board's jurisdiction also may file an appeal with the Board.  For such an appeal to be considered timely, it must be filed within 30 days after the employee receives the FAD.  5 C.F.R. § 1201.154(b)(1).   If an appellant fails to timely file her appeal, it will be dismissed as untimely filed absent a showing of good cause for the filing delay. 5 C.F.R. § 1201.22(c).   To establish good cause, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances

---

[3] The appellant also filed a supplement to her petition for review, which we have considered.  PFR File, Tab 14.  The appellant filed additional pleadings on January 22, and 29, 2016, and February 2, 2016, which the Clerk of the Board rejected because the appellant did not comply with the Board's regulation that required her to file a motion and obtain leave to submit additional pleadings.  PFR File, Tabs 15-16; *see* 5 C.F.R. § 1201.114(a)(5).   To the extent the appellant is now seeking leave to file these additional pleadings, PFR File, Tabs 18-19, we deny her motion because she has not explained the nature of or need for such pleadings.

[4] To the extent the appellant asserts that her appeal was timely filed under the "exception to the 30-day filing rule" set forth in 5 C.F.R. § 1201.154(b)(2) because the FAD was not issued within 120 days after she filed her formal complaint, PFR File, Tab 11  at 3, such an argument was not raised below, and the Board need not consider it for the first time on review, *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  In any event, that provision only applies where the agency has not yet issued a FAD, which is not the case here.  *See* 5 C.F.R. § 1201.154(b)(2) ("Once the agency resolves the matter or issues a final decision on the formal complaint, an appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue.").

of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). An appellant bears the burden of proof, by a preponderance of evidence, regarding the timeliness of her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(B).

¶8    Here, the agency issued the FAD on February 7, 2014. IAF, Tab 9 at 11-28. The FAD contains a certificate of service indicating that, on that same date, the agency served the FAD on the appellant via first class and certified mail at two separate addresses in Darby, Pennsylvania.[5] *Id.* at 16. The Board has recognized a presumption that documents placed in the mail are received in 5 days when there is direct evidence, such as a certificate of service, establishing when a document was deposited in the mail. *See, e.g.*, *Butler v. Department of Veterans Affairs*, 119 M.S.P.R. 112, ¶¶ 5, 10 (2013); *Santos v. U.S. Postal Service*, 77 M.S.P.R. 573, 577 (1998); 5 C.F.R. § 1201.22(b)(3).

¶9    Although the appellant argues that she did not receive the February 7, 2014 FAD until August 12, 2014, because the mailing addresses used by the agency were invalid, we agree with the administrative judge that she did not provide any evidence below to support her bare assertion. ID at 3. The appellant also has not provided any further information on review concerning the circumstances surrounding her alleged nonreceipt of the FAD, such as when her addresses changed or when she allegedly notified the agency of any address change. Nor does she challenge the administrative judge's finding that, following the issuance of the February 7, 2014 FAD, the appellant received correspondence from the agency regarding other matters at one of the addresses listed in the certificate of service for the FAD. ID at 3. Thus, the appellant's vague, unsupported, and unsworn allegation that the decision letter was sent to the wrong address without further explanation fails to rebut the presumption of delivery and receipt or even raise a genuine factual dispute on the issue of timeliness. *See, e.g.*, *Foust v. Department of the Treasury*, 80 M.S.P.R. 477, ¶¶ 6-8 (1998).

---

[5] One of these addresses is the same as the address listed by the appellant on her formal complaint of discrimination. IAF, Tab 9 at 16, Tab 12 at 15, 18.

¶10     Accordingly, we conclude that the administrative judge properly dismissed the appeal as untimely filed without good cause.[6]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

---

[6] Because we find that the appellant failed to rebut the presumption of delivery and receipt of the agency's February 7, 2014 FAD, we need not address whether she acted diligently in filing her Board appeal upon allegedly learning of her Board appeal rights at a later date.  To the extent the administrative judge may have erred in finding that the appellant failed to establish that she acted diligently in filing her Board appeal once she learned she could do so, ID at 4, any such error did not prejudice the appellant's substantive rights.  *See Gingrich v. U.S. Postal Service*, 67 M.S.P.R. 583, 588 (1995) (stating that an appellant is not required to show that he exercised due diligence in attempting to discover his appeal rights, rather the question is whether he was diligent in filing an appeal after he learned he could do so); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:        _____
                                                            Jennifer Everling
                                                            Acting Clerk of the Board

Washington, D.C.